

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| AFFINITY LABS OF TEXAS, LLC,<br>   Plaintiff,<br><br>v.<br><br>NISSAN NORTH AMERICA INC.,<br>NISSAN MOTOR CO., LTD.,<br>   Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL NO: WA:13-CV-369 |

## O R D E R

Before the Court is the "Motion for Alternative Service of Process on Nissan Motor Co. Under Fed. R. Civ. P. 4(f)(3)" filed by Affinity Labs of Texas, LLC ("Affinity Labs"). After considering the arguments and relevant law, the Court hereby **GRANTS** Affinity's Motion.

## BACKGROUND

Affinity Labs sued Nissan Motor Co. LTD. ("NML") and its wholly-owned U.S. subsidiary Nissan North America, Inc. ("NNA") for infringing two United States patents pertaining to the ability to wirelessly connect a portable electronic device to an automobile sound system. Affinity sued six other automobile manufacturers for infringing on the same two patents and the related actions were consolidated for pre-trial purposes. Affinity effectuated service on NNA on November 26, 2013. On May 8, 2014, Affinity filed the instant motion asking the Court authorize Affinity to effect service on NML by serving either NNA or its outside counsel, Mr. Reginald Hill. Because NML has not yet been served, it did

1

not oppose the motion; however, NNA filed a motion in opposition on May 15, 2014.

NNA claims that because NML is a foreign corporation that resides in Japan, service on NML must comply with the procedures set forth by the Hague Convention. For that reason, service through NNA or outside counsel would violate the convention procedures, and would not comply with Rule 4(f). In response, Affinity argues that service pursuant to the Hague Convention is not mandatory and would cause unnecessary expense and delay.

## DISCUSSION

### A. The Legal Standard Governing Motions of Alternative Service on a Corporation Pursuant to Rule 4(f)(3)

Federal Rule of Civil Procedure Rule 4(h) governs service of process on corporations such as NML. FED. R. CIV. P. 4(h). Pursuant to Rule 4(h)(2), service of a corporation "at a place not within any judicial district of the United States" is to be conducted "in any manner prescribed" by Rule 4(f) for serving an individual "except for personal delivery under (f)(2)(C)(i)." *Id.* Rule 4(f)(3) provides that the Court may authorize service on a foreign individual "by other means not prohibited by international agreement." FED. R. CIV. P. 4(f)(3). Thus, so long as the method of service is not *prohibited* by international agreement the Court has considerable discretion to authorize an alternative means of service. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) ("As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed

by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text.")

Still, a plaintiff does not have to attempt to effect service under Rule 4(f)(1) or Rule 4(f)(2) prior to requesting the authorization of an alternative method of service pursuant to Rule 4(f)(3). *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 563 (C.D. Cal. 2012) (finding that alternative service pursuant to Rule 4(f)(3), on a foreign defendant, effectuated in the United States, was not in violation of the Hague Convention) (citing *Rio Properties, Inc.*, 284 F.3d at 1015) (citing *Forum Fin. Group, LLC v. President, Fellows of Harvard Coll.*, 199 F.R.D. 22, 23(D. Me. 2001)) ("[e]xamining the language and structure of Rule 4(f) and the accompanying advisory committee notes, we are left with the inevitable conclusion that service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant."). In the end, any alternative method of service authorized must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

NNA advances three arguments as to why the Court should deny Affinity's request for alternative service. First, service on NML must comply with the procedures set forth by the Hague Convention and the requested methods of service do not. Second, Affinity failed to establish a valid basis for circumventing

3

Rule 4 (f)(1). Third, neither NNA nor outside counsel is an agent authorized to accept service on behalf of NML.

### B. Service Pursuant to the Hague Convention Procedures Is Not Mandatory

NNA asserts that because NML is located in Japan, service on NML must comply with the procedures set forth by the Hague Convention.[1] It is true that "compliance with the Hague Convention is mandatory in all cases to which it applies," *Compass Bank v. Katz*, 287 F.R.D. 392, 394 (S.D. Tex. 2012) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988)), and as such a "federal court would [thus] be prohibited from issuing a Rule 4(f)(3) order in contravention of... the Hague Convention." *Brown*, 285 F.R.D. at 564 (quoting *Rio Properties, Inc.*, 284 F.3d at 1015). However, "service pursuant to Hague Convention procedures is required only if the method of serving process involves the transmittal of documents abroad." *Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 537 (5th Cir. 1990). If alternative means to effectuate service exist, strict compliance with the service requirements under the Hague Conviction is not always mandatory. *Brown*, 285 F.R.D. at 564. "Thus, if domestic service on a foreign corporation were effected properly, the Hague Convention would not require additional, international service." *Glencore Ltd. v.*

---

[1] Japan is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, which outlines the requirements for effective service of a foreign corporation. *See* Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Fed. 10, 1969, 20 U.S.T. 361; T.I.A.S. No. 6338.

4

*Occidental Argentina Exploration & Prod., Inc.*, CIV.A. H-11-3070, 2012 WL 591226 (S.D. Tex. Feb. 22, 2012) (citing *Schlunk*, 486 U.S. at 707).

Here, Affinity requests that the Court authorize service on NML through NNA or its outside counsel, Mr. Hill. Neither method would require the transmittal of service documents abroad because both NNA and Mr. Hill are located in the United States. Therefore, as long as service on a domestic subsidiary is authorized by relevant state law, Affinity would not have to strictly comply with the procedures on international transmission and service as enumerated under the Hague Convention. *See Schlunk*, 486 U.S. at 706–07 (upholding the validity of serving process on a foreign corporation by serving the corporation's domestic subsidiary, even though the service procedures did not comply with the Hague Convention).

### C. Avoiding Additional Time and Expense Are Valid Justifications for Requesting an Alternative Method of Service

NNA next argues that Affinity's reasons for requesting an alternative method of service to avoid wasting additional time and expense are not valid reasons to circumvent Rule 4(f)(1). FED. R. CIV. PRO. 4(f)(1). However, "service under the Hague Convention, pursuant to Rule 4(f)(1), is not necessarily preferable to the manners of service permitted by Rule(4)(f)(3)." *Brown*, 285 F.R.D. at 565 (citing *Rio Prop. Inc.*, 284 F.3d at 1016). "By its plain language and syntax, Rule 4(f)(3)'s alternative is not a last resort, nor is it any less favored than service under subsections (1) and (2). Rule 4(f)'s plain language

5

unambiguously indicates that the means must not be prohibited by international agreement." *Forum Fin. Group,* LLC, 199 F.R.D. at 23-24.

Moreover, "courts have frequently cited delays in service under the Hague Convention as supporting an order of alternative service under Rule 4(f)(3)." *GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012) (ordering that service through a foreign residents counsel in the United States was a valid form of service); *Brown*, 285 F.R.D. at 562-66 ("ordering alternative service and noting that service under the Hague Convention would take four to six months"); *Ackerman v. Global Vehicles U.S.A., Inc.*, 2011 WL 3847427, at *3-4 (E.D. Mo. Aug. 26, 2011) ("authorizing service on defendant's counsel 'so as to not further delay' the lawsuit"); *The Knit With v. Knitting Fever, Inc.*, 2010 WL 4977944, at *4-5 (E.D. Pa. Dec. 7, 2010) ("plaintiff granted leave to serve a defendant via counsel where Hague Convention service would take up to three months and plaintiff sought a waiver of service from the defendant before seeking leave to serve the defendant by alternative means"); *LG Elecs., Inc. v. ASKO Appliances, Inc.*, 2009 WL 1811098, at *4 (D. Del. June 23, 2009) ("authorizing service on defendant's counsel 'to prevent further delays in litigation' ").

Courts have also found that avoiding the additional expense of serving a defendant in a foreign country is a valid justification for granting an alternative method of service. *Baker Hughes Inc. v. Homa*, CIV. A. H-11-3757, 2012 WL 1551727, at *16-17 (S.D. Tex. Apr. 30, 2012) (holding that avoiding additional cost is a sufficient justification for seeking an alternative method of service; however, the alternative method requested was not authorized because it

violated the internal law of the country where the plaintiff sought service to be effected); *Vinewood Capital, L.L.C. v. Al Islami*, CIV A 406-CV-316-Y, 2006 WL 3151535, at *2 (N.D. Tex. Nov. 2, 2006) (finding the plaintiff's attempt to serve the defendants through the Texas Secretary of State "was not an unreasonable effort to easily accomplish service and limit the costs associated with international service of process..."). Thus, saving time and expense are valid reasons to request an alternative method of service.

### D. Service on NNA or Mr. Hill Comports with Due Process

Because this claim was brought in the Western District of Texas, service of process is valid if it complies with the Texas Long-Arm Statute. Courts have repeatedly interpreted the Texas Long-Arm Statute "to reach as far as the federal constitutional requirements of due process will allow." *CSR Ltd. V. Link*, 925 S.W.2d 591, 594 (Tex. 1996); *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991); *U-Anchor Advertising Inc. v. Burt*, 553 S.W.2d 760, 762 (Tex. 1977). Due process requires that notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane* 339 U.S. at 314.

NNA argues that service on NML through it or outside counsel would be improper because neither has been authorized to accept service on NML's behalf. However, these arguments are ineffectual. "Due process does not require that the individuals served on behalf of foreign defendants have represented them or been authorized to accept on their behalf." *Brown*, 285

7

F.R.D. at 565-66. Rather, "[t]he means employed must be such as one desirous of actually informing the absentee....The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected." *Mulane*, 399 U.S. at 315.

In *Lisson*, the Fifth Circuit held that "[i]n regard to foreign defendants, even if a domestic subsidiary is not explicitly authorized by its foreign parent corporation as an agent for service, the subsidiary might still be capable of receiving such service." *Lisson v. ING GROEP N.V.*, 262 Fed. Appx. 567, 570 (5th Cir. 2007). When applying a state long-arm statute, "as long as a foreign corporation exercises such control over the domestic subsidiary that the two entities are essentially one, process can be served on a foreign corporation by serving its domestic subsidiary — without sending documents abroad." *Id.* (quoting *Sheets v. Yamaha Motors Corp. U.S.A.*, 891 F.2d 533, 536 (5th Cir. 1990)). In other words, service of process can be properly effectuated on the domestic subsidiary of a foreign parent company "where the evidence shows that one is the agent or alter ego of the other." *Delta Constructors, Inc. v. Roediger Vacuum, GmbH*, 259 F.R.D. 245, 249 (S.D. Miss. 2009); *see, e.g., I.A.M. Nat'l Pension Fund, Benfit Plan A v. Wakefield Indus., Inc., Div. of Capehart Corp.*, 699 F.2d 1254, 1259 (D.C.Cir.1983) ("While the relationship of parent and subsidiary alone would not suffice ... where the two corporations are not really separate entities service on the parent will reach a foreign subsidiary."); *Dewey v. Volkswagen AG*, 558 F.Supp.2d 505, 515–516 (D.N.J.2008) (noting that "[a]

number of courts have found that the nature of the relationship between Volkswagenwerk Aktiengesellschaft (VWAG), a German corporation, and Volkswagon of America (VWoA), a domestic subsidiary of VWAG, anoints VWoA as an agent by law of VWAG for the purpose of service of process") (citing cases); *Blades v. Illinois Cent. R. Co.*, CIV.A. 02-3121, 2003 WL 1193662, at *2 (E.D. La. Mar. 12, 2003) ("Of course, where the subsidiary is the agent or alter ego of the parent, service upon the subsidiary can be effective against the parent."); *Potts v. Dyncorp Intern., LLC*, Civil Action No. 3:06cv124–WHA, 2007 WL 899040, *1 (M.D.Ala. March 23, 2007) (concluding that service on a parent corporation is sufficient to reach a foreign subsidiary when an alter ego or instrumentality situation is present).

Here, both companies are identified by the name "Nissan." In its corporate disclosure statement NNA stated that it is a wholly-owned subsidiary of NML and that NML owns 100% of its capital stock.[2] Additionally, Affinity notes that Jenner & Block LLP has been the point of contact for all Nissan Defendants, and the firm has represented Nissan Motor Co. in other patent infringement matters in the United States. Furthermore, in an email dated February 28, 2014, Mr. Hill stated, "I have represented Nissan Motor Co. LTD ("NML") in the past. And, I do hope it will be 'natural' for NML to hire me in this matter."[3]

In its response brief NNA did not challenge the validity of any of these contentions, nor did it present an argument that service through NNA or Mr. Hill

___

[2] ECF No. 37.
[3] ECF No. 46, Ex. 3.

9

would fail to provide NML with adequate notice. Furthermore, it is clear that in all probability, NML is already aware of the pending action and will be represented by Mr. Hill in the proceedings. Thus, there is a sufficient connection to establish that NNA is NML's domestic subsidiary, and service through NNA or its outside counsel, is reasonably certain to result in NML receiving notice of the suit.

## CONCLUSION

For the foregoing reasons, the Court finds that under FED. R. CIV. P. 4(f)(3), service of the summons and complaint on NML through NNA or its outside counsel meets the constitutional threshold of due process. Since the manner of substituted service of process is permitted in Texas, the additional requirements under the Hague Convention do not need to be satisfied. Accordingly, it is

**ORDERED** that Affinity's Motion is **GRANTED** and Affinity shall be permitted to effectively serve the summons and complaint on foreign defendant NML through NNA or its outside counsel, Reginald Hill of Jenner & Block LLP.

**SIGNED** this 2ᵈ day of July, 2014.

_____
WALTER S. SMITH, JR.
UNITED STATES DISTRICT JUDGE